## State *v.* Dowd.

Where the copy of the recognizance sent to this court by a magistrate before whom it was taken was a correct copy of the recognizance as taken, except that wherever in the original recognizance the words "Supreme Judicial Court" occurred, the copy contained the words "court of common pleas" instead thereof, and the defendant was called at said term of said Supreme Judicial Court, and his default entered of record, and *scire facias* issued to have execution ; on motion, it was held that the copy might be amended by correcting the mistake 'of the magistrate and making the copy to correspond with the original recognizance.

Any records of this court, before or after judgment, and judgments even, may be amended so as to correct clerical errors and mistakes.

DEBT on a recognizance, alleged to have been entered into by the defendant before the justice of the police court of Manchester, on the 29th of November 1860, upon an appeal taken by the defendant from a judgment of that court against the defendant, upon a complaint for an assault. This action was entered at the May term, 1861. The declaration alleged that the recognizance was conditioned that if Dowd should make his personal appearance at the Supreme Judicial Court, then next to be held at Manchester, within and for said county of Hillsborough, on the first Tuesday of January, 1861, and prosecute his said appeal with effect, and abide the order of said court thereon, then, &c.

It was averred that the recognizance was taken by said justice of said police court, and a copy thereof, duly certified, returned to said term of said Supreme Judicial Court, and there filed, enrolled and entered of record, and that, at said term of said court, held at said Manchester on the first Tuesday of January, 1861, the said Dowd was thrice solemnly called to come into court and answer according to the tenor of his said recognizance, and that the said Dowd did not then or at any time come into court and answer according to the tenor of his said recognizance and prosecute his said appeal, and that so default was made in the condition aforesaid of the said recognizance, and the same was declared forfeited, as by the record of said court appears, &c., &c.

The defendant admitted that, by the records of said police court, it appeared the recognizance was as set forth in the declaration.

At the said January term, 1861, the justice of the police court returned to the Supreme Judicial Court a paper duly certified as a copy of the recognizance, which was a correct copy thereof, except in this, that wherever in the original recognizance the words "Supreme Judicial Court" occurred, the paper had instead thereof, the words "court of common pleas." The police justice made no other return of the recognizance to the Supreme Judicial Court. The defendant was thrice called at said January term, and did not appear. And the solicitor, in behalf of the State, moved for leave for said justice to amend said paper, so that it should be a correct copy of the original recognizance ; and the questions arising upon this motion were reserved.

*Clarke*, Solicitor, for the State.

*Eastman*, for the defendant.

SARGENT, J. A recognizance is an obligation of record entered into before a court or officer duly authorized for that purpose, with a condition to do some act required by law to be done, or to refrain from some act forbidden by law, which is therein specified. 1 Bouv. Inst. 342.

Although enrollment is necessary to the validity of a recognizance, yet it binds the lands at the common law from the time of the caption, for it is the acknowledgment that gives a recognizance its force as a record, and the enrollment is for safe custody and the notifying it to others. *Jefferson* v. *Morton*, 2 Saund. 8, note.

The forfeiture of a recognizance creates an absolute debt of record which is in the nature of a judgment, and although in England it was formerly the practice for the Lord Chancellor to award an execution upon the forfeiture of a recognizance taken before him (2 Saund. 8, note), yet ordinarily there, and uniformly in our practice, before any execution can issue for a breach of the condition, a *scire facias* must issue, which is a judicial writ to have execution upon a judgment or debt of record ; or an action of debt may be brought upon such debt of record, as it may upon a judgment. *State* v. *Kinney*, 39 N. H. 137, and cases cited.

In all cases in this State where the recognizance is taken before a magistrate or police court, our statute requires copies of the recognizance to be sent to the Supreme Judicial Court, with the copies of the other proceedings, which are there enrolled and become records of that court, and the forfeiture is there to be recorded and the subsequent proceedings had.

The object in having the copies of the recognizance sent to the Supreme Court in such cases, is that there may be a perfect record of the whole proceedings in the court where the record of the forfeiture must be entered, and from which the *scire facias* must issue ; as in a civil case coming up on appeal from a magistrate, the copies of the writ, pleadings, and judgment, must be sent up and become parts of the record of this court as the foundation of a final judgment.

. Now there are various kinds of amendments in legal proceedings ; our statute notices them under two general divisions, amendments in matters of substance, and those which are simply for the correction of errors and mistakes, and matters of mere form, or addition (Rev. Stat., ch. 186, secs. 10 and 11), and provides that no proceeding in the courts or course of justice shall fail for any defects of the latter kind, but that all such defects may be amended, on motion, while amendments of the former class may in proper cases be allowed on terms, but not in all cases.   Amendments of this class, such as adding counts to. a declaration, new matters of defense to a plea, &c., can only be made in certain cases (Rules of Court, 15, 16 and 17), while amendments in matters of form may always be made, as of course, and without terms, unless they are made the grounds of special objection by the other side, when they may be amended on terms (Rules of Court, 14).  We infer also that the same rule would apply to amendments for the correction of errors and mistakes where the person or case may be understood, as the statute classes such amendments with those of form merely, though the rule of court does not mention them specifically.

It was held in *Osgood* v. *Green*, 30 N. H. 210, that an amendment in the pleadings can not be made that shall give the court jurisdiction.   But this was in matter of substance, where a new plea was to be added by way of amendment which should affect the jurisdiction either of this court or of the justice court from which it came by appeal, and the rule in such appeal cases is, that the courts will refuse to allow such amendments, where the court below, on the amended pleadings, would have had no jurisdiction, or where the court above have no jurisdiction as the pleadings stand.  *Dinsmore* v. *Auburn*, 26 N. H. 356.

But this matter of adding counts or pleas by way of amendment which should affect the jurisdiction of this court or the court appealed from, is a very different thing from allowing an amendment merely to correct an error or mistake of the justice, which was merely clerical, in making out his copies to be sent up to this court; such mistakes always were and always should be allowed to be corrected.   So in this case, no amendment in matter of substance is desired.   The recognizance was taken right, and that gives to it all

its force and effect, after forfeiture. The magistrate committed an error or mistake merely clerical in making his copy, but when the copy was received in the proper court, there was sufficient to amend by, the court could not fail to see at once the mistake, and could not well fail to understand both the person and the case.

In this case no question arises concerning the rights of third persons. No body has been misled, and no body is to be injured by the amendment. This respondent is in no position to say that he has been misled, for he had nothing to do with the copies of the case. He knew his duty, he knew very well the term of court at which he had recognized to appear, and to allow him now to take advantage of a mere clerical error of the magistrate, in copying his record, where the mistake is so apparent, and so easily corrected, would be contrary to all rule and precedent, and a perversion of justice.

All records of this court may be amended so as to correct errors and mistakes, before and even after judgment; *Wendell* v. *Mugridge*, 19 N. H. 109; *Claggett* v. *Simes*, 31 N. H. 22; *Johnson* v. *Day*, 17 Pick. 106; and the judgment itself may be amended so as to correct mere mistakes of the clerk in making it up. *Chamberlain* v. *Crane*, 4 N. H. 115; *Willard* v. *Harvey*, 24 N. H. 344; *Emery* v. *Berry*, 28 N. H. 473; *Clark* v. *Robinson*, 37 N. H. 579; *State* v. *Weare*, 38 N. H. 314; *Avery* v. *Bowman*, 39 N. H. 393; *Russell* v. *Dyer*, 39 N. H. 528; *Bickford* v. *Orford* (Grafton county, July term 1862); *Frink* v. *Frink*, 43 N. H.

*Leave to amend granted.*